# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| HEUNG SEOP YU | ) |
| | ) CIVIL ACTION |
| Plaintiff, | ) FILE NO._____ |
| | ) |
| v. | ) |
| | ) |
| | ) JURY TRIAL DEMANDED |
| AURA ENTERPRISES, INC. | ) |
| and KANG S. CHOI, | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

COMES NOW Plaintiff Heung Seop Yu ("Yu"), by and through his counsel, Brian Kim of Leon and Kim, LLC, files this Complaint alleging as follows:

## NATURE OF THIS ACTION

1.

This action brought under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §201 *et seq.*, in which Plaintiff seeks compensatory and liquidated damages against Defendants for their failure to pay federally-mandated overtime wages during Plaintiff's employment with Defendants.

## PARTIES

2.

Heung Seop Yu, the named Plaintiff in this action, is an individual resides in the Northern District of Georgia.

3.

Defendant Aura Enterprises, Inc. ("Aura") is a corporation which maintains, and, at all times relevant hereto, maintained offices in the State of Georgia, and transacts and has transacted regular, not isolated, acts of business in DeKalb County, Georgia.

4.

Defendant Aura can be served by delivering a copy of summons and complaint to its registered agent, Ju Young Park, at 3211 Oakcliff Ind. St., Doraville, GA 30340.

5.

Defendant Aura is and was, at all times relevant to this action, an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. §§ 203(s)(1), 206, and 207.

6.

Defendant Aura is subject to the requirements of the FLSA, 29 U.S.C. § 201, *et seq.*

7.

Defendant Aura was at all relevant times aware of the existence and requirements to pay non-exempt employees who work longer than forty (40) hours in a workweek one and one-half times the employee's regular rate of pay for the hours worked within the workweek in excess of forty (40) hours.

8.

Defendant Kang S. Choi ("Choi"), an individual, can be served by delivering a copy of summons and complaint to him at 7575 Ponce De Leon Cir. #J, Doraville, GA 30340.

9.

The Defendant Choi is and was at all times relevant to this action, an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d).

10.

Defendant Choi was involved in the day-to-day operation and has substantial operational control over Defendant Aura, including, without limitation, the policies governing individuals employed in the same capacity as the Plaintiff.

11.

Defendant Choi exerts substantial control over Defendant Aura in compliance with the definition of "Employer" under the Fair Labor Standard Act of 1938.

12.

Defendant Choi has the power to hire and fire employees, including, without limitation, individuals employed by Defendant Aura in the same capacity as the Plaintiff.

13.

Defendant Choi controls employee work schedules and conditions of employment, including, without limitation, individuals employed by Defendant Aura in the same capacity as the Plaintiff.

14.

Defendant Choi determines the rate and method of payment for employees including without limitation, individuals employed by Defendant Aura in the same capacity as the Plaintiff.

15.

At all times relevant to this action, Defendant Choi oversaw and had the responsibility for maintaining employment records including, without limitation,

employment records of individuals employed by Defendant Aura in the same capacity as the Plaintiff.

16.

The Defendant Choi is and was at all times relevant to this action the owner of Defendant Aura, and acted directly or indirectly as Plaintiff's employer.

17.

Defendant Choi is subject to the requirements of the FLSA, 29 U.S.C. § 201, *et seq*.

18.

Defendant Choi was at all relevant times aware of the existence and requirements to pay non-exempt employees who work longer than forty (40) hours in a workweek one and one-half times the employee's regular rate of pay for the hours worked within the workweek in excess of forty (40) hours.

## **Jurisdiction**

19.

Jurisdiction over this action is conferred on this Court by section 216(b) of the FLSA, 29 U.S.C. §216(b) as well as 28 U.S.C. §1331.

## **Venue**

20.

Venue is proper in the Northern District of Georgia in that a substantial part of the events or omission giving rise to the claim took place in DeKalb County, Georgia, which is within this judicial District.

**Fact**

21.

Plaintiff, Heung Seop Yu ("Yu"), is a former employee of Defendants.

22.

From May 1991 to around March 10, 2016, Plaintiff was employed by Defendant Aura at 7575 Ponce De Leon Cir. #J, Atlanta, GA 30340.

23.

Based on information and belief, Defendant Choi has an ownership interest in Defendant Aura.

24.

Throughout Plaintiff's employment with Defendants, Plaintiff was employed as a sales associate and also as a manager, and his primary duties included sales, account management, and assisting Defendant Choi in administrative duties.

25.

Plaintiff did not possess any authority to hire or fire any of Defendants' employees.

26.

Plaintiff was never given an opportunity to recommend any promotion, hiring, or firing any of Defendants' other employees.

27.

Plaintiff did not possess authority to exercise discretion and independent judgment with respect to matters significant to any of the Defendants.

28.

At all times relevant to this action, Plaintiff was non-exempt from the overtime pay requirements as afforded by the FLSA, 29 U.S.C. §§ 201 et seq.

29.

Throughout Plaintiff's employment with Defendants, Defendants paid Plaintiff annual salary of $62,000.00.

30.

Plaintiff's salary was intended to compensate forty (40) hours of work per week.

31.

Throughout Plaintiff's employment with Defendants, Plaintiff's regular hourly rate of pay was $29.81.

32.

During the relevant time hereto, Plaintiff worked a total of 366 hours of overtime, that is, the hours he worked in addition to his normal forty (40) hours per week.

33.

While employed by Defendants, Plaintiff's work schedule was controlled by Defendants.

34.

Defendants required Plaintiff to consistently work more than forty (40) hours per week. Plaintiff was never paid overtime compensation for hours worked in excess of forty hours in any given work week.

35.

Defendants failed to provide Plaintiff with one and one-half times his regular rate of pay for his work in excess of forty hours in a workweek.

## CLAIM FOR RELIEF

**Violation of FAIR LABOR STANDARD ACT (FLSA)**

36.

Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs of its complaint as if set forth fully herein. Plaintiff was regularly compelled and scheduled to work more than forty hours per week.

37.

The Defendants were required in accordance with the FLSA to pay Plaintiff one and one-half times their regular hourly rate of pay for their overtime work.

38.

The Defendants failed to pay Plaintiff one and one-half times his regular rate of pay for each hour worked over forty (40) hours in a week. Instead, Defendants only paid Plaintiff a fixed wage regardless of the hours worked.

39.

The Defendants' unlawful acts, omissions, and practices concerning the terms, conditions, and provisions of Plaintiff's employment violate the FLSA.

40.

As a result of Defendants' unlawful acts, omissions, and practices, Plaintiff suffered a loss of wages of $16,600.00 or such other amount to be determined at trial.

41.

The Defendants' willful violation of the FLSA shows reckless disregard of Plaintiff's right to receive appropriate overtime compensation for his work for Defendants.

42.

Defendants, jointly and severally, owe the Plaintiff overtime pay for his work performed but not compensated in an amount to be determined, plus liquidated damages in an equal amount pursuant to 29 U.S.C. §216(b).

43.

Pursuant to Section 216(b) of the FLSA, Defendants owe Plaintiff jointly and severally, for reasonable attorney fees.

WHEREFORE, Plaintiff demands relief as follows:

1. Instruct the Clerk of Court to issue the Summons that are attached herein;
2. An order finding that Defendant violated sections 215(a)(2) and 216(b) of the FLSA;
3. Judgment in favor of Plaintiff against Defendants, jointly and severally, for unpaid overtime compensation together with liquidated damages;

4. Pursuant to Section 216(b) of the FLSA, judgment in favor of Plaintiff against Defendants, jointly and severally, for reasonable attorney fees;

5. Judgment in favor of Plaintiff against Defendant, jointly and severally, for all taxable and non-taxable costs;

6. Pursuant to the Seventh Amendment to the United States Constitution and Rule 38, F.R. Civ. P., TRIAL BY JURY on all claims on which a jury is available; AND

7. Such other, further and different relief as this Court deems appropriate.

This 20th day of May, 2016.

                                          Leon and Kim, LLC

                                          By: */s/ Brian G. Kim*
                                          Brian G Kim
                                          Georgia. Bar No. 479330
                                          Alabama Bar No. 1288R67G

1815 Satellite Blvd. #303
Duluth, GA 30097
Telephone: 678.878.4200
Facsimile:  404.878.4208
E-Mail: brian@leonandkim.com

## CERTIFICATE OF COMPLIANCE

I certify that the documents to which this certificate is attached have been prepared with one of the font and point selections approved by the Court in Local Rule 5.1B for documents prepared by computer.

This 20th day of May, 2016.

                                        Respectfully submitted,
                                        Leon & Kim, LLC
                                        By: *Brian G. Kim*