IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HEUNG SEOP YU,<br><br>　　　　Plaintiff,<br><br>v.<br><br>AURA ENTERPRISES, INC. and KANG S. CHOI,<br><br>　　　　Defendants. | Civil Action File No.<br>1:16-CV-01636-ODE<br><br>JURY TRIAL DEMANDED |

## JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS LAWSUIT WITH PREJUDICE

Plaintiff HEUNG SEOP YU ("Plaintiff") and Aura Enterprises, Inc. ("Aura") and Kang S. Choi ("Choi") ("Defendants") (collectively, the "Parties") jointly request that the Court approve the Parties' settlement agreement, which includes Fair Labor Standards Act claims, and dismiss this lawsuit with prejudice. In support of this Motion, the Parties jointly state as follows:

1.　　On May 20, 2016, Plaintiff filed a Complaint against Defendants alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). (Dkt. No. 1.)

2.　　The Parties have subsequently reached a global settlement of all claims raised in and outside of this lawsuit. A copy of the Parties' *Settlement and Complete*

*Waiver/Release Agreement* ("Settlement Agreement") is attached hereto as <u>Exhibit A</u>.

4.      Pursuant to federal law, settlements under the FLSA must be approved by either the Court or the U.S. Department of Labor to be binding. *See, e.g.*, *Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir 1982).  In instances involving the necessity of court approval, "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353.  Plaintiff and Defendants jointly state that the agreement reached by the Parties includes a payment to Plaintiff of the full amount of contested overtime compensation pursuant to his FLSA claims, including liquidated damages, costs, and attorney's fees under 29 U.S.C. § 216(b), and no compromise of Plaintiff's claims was involved.

5.      WHEREFORE, the Parties jointly request that the Court approve the attached Settlement Agreement and dismiss this lawsuit with prejudice.  The Parties agree that by entering into the Settlement Agreement, and by consenting to entry of the Consent Order Approving Settlement, Defendant is not admitting any liability.  The Parties request that the Court retain jurisdiction to enforce the Settlement Agreement.

6. For the Court's convenience, a proposed order is attached hereto as Exhibit B.

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), the undersigned counsel for Defendant certifies that the pleading has been prepared in Times New Roman, 14-point type, which is one of the font and point selections approved by the Court in Local Rule 5.1(B).

Respectfully submitted this 15th day of December, 2016.

| | |
|---|---|
| */s/ Brian G. Kim* | */s/ Henry F. Warnock* |
| Brian G. Kim | Henry F. Warnock |
| Georgia Bar No. 479330 | Georgia Bar No. 232668 |
| Alabama Bar No. 1288R67G | hwarnock@fordharrison.com |
| brian@leonandkim.com | FORDHARRISON LLP |
| LEON AND KIM, LLC | 271 17th Street, NW |
| 1815 Satellite Blvd. #303 | Suite 1900 |
| Duluth, Georgia  30097 | Atlanta, Georgia 30363 |
| Telephone: 678-878-4200 | Telephone: 404-888-3800 |
| Facsimile:  404-878-4208 | Facsimile:  404-888-3863 |
| | |
| *Attorney for Plaintiff* | *Attorney for Defendants* |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HEUNG SEOP YU,<br><br>    Plaintiff,<br><br>v.<br><br>AURA ENTERPRISES, INC. and KANG S. CHOI,<br><br>    Defendants. | Civil Action File No.<br>1:16-CV-01636-ODE<br><br>JURY TRIAL DEMANDED |

## CERTIFICATE OF SERVICE

I hereby certify that on December __15__, 2016, the undersigned counsel filed a **JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS LAWSUIT WITH PREJUDICE** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification to the attorney of record:

/s/ *Henry F. Warnock*
Henry F. Warnock
Georgia Bar No. 232668
hwarnock@fordharrison.com
FORDHARRISON LLP
271 17th Street, NW
Suite 1900
Atlanta, Georgia 30363
Telephone: 404-888-3800
Facsimile:  404-888-3863
*Attorneys for Defendant*

WSACTIVELLP:8856400.2

# EXHIBIT A

## SETTLEMENT AND COMPLETE WAIVER/RELEASE AGREEMENT

This Settlement and Complete Waiver/Release Agreement ("Agreement") is entered into as of November 18, 2016 by and between AURA ENTERPRISES, INC. ("Aura" or "Defendant"), on the one hand, and HEUNG SEOP YU ("Yu" or "Plaintiff"), on the other hand. Defendant and Plaintiff are collectively referred to herein as the "Parties."

## RECITALS

WHEREAS, on or about May 20, 2016, Plaintiff filed a lawsuit captioned *Heung Seop Yu v. Aura Enterprises, Inc. and Kang S. Choi*, Case No. 1:16-CV-01636-ODE, in the U.S. District Court for the Northern District of Georgia against Aura and defendant Kang S. Choi, individually, (hereinafter, the "Complaint");

WHEREAS, the Complaint alleges that Aura and defendant Kang S. Choi violated the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA");

WHEREAS, on or about July 25, 2016, Defendants filed their Answer denying the allegations of the Complaint and setting forth their affirmative and other defenses;

WHEREAS, on or about September 7, 2016, Plaintiff filed a Charge of Discrimination captioned *Heung Seop Yu v. Aura Enterprises, Inc.*, Charge No. 410-2016-06371, before the U.S. Equal Employment Opportunity Commission against Aura (hereinafter, the "Charge");

WHEREAS, the Charge (which was not served on Aura) alleges that Aura violated Title I of the Americans with Disabilities Act of 1990, as amended; the Rehabilitation Act of 1973, as amended; and/or the Civil Rights Act of 1991;

WHEREAS, at all times, Aura and Kang S. Choi vigorously denied, and continue to deny, any wrongdoing in connection with the claims asserted in the Complaint and the Charge (referenced collectively as the "Litigation"); and

WHEREAS, the Parties desire to resolve their claims, disputes and disagreements concerning the Litigation and all other matters, with no admission of liability.

NOW THEREFORE, the Parties, intending to be legally bound, and in consideration of the mutual recitals, covenants and other good and valuable consideration recited herein, the receipt and legal sufficiency of which each party hereby acknowledges, agree as follows:

## SETTLEMENT TERMS

**1.     Payment.** In consideration for signing this Agreement and fulfilling the promises contained herein, Defendant shall pay Plaintiff and his counsel a total sum of Twenty Five Thousand Dollars and Zero Cents ($25,000.00) (the "Settlement Payment"). Defendant shall deliver the following checks to Plaintiff's counsel as set forth in this Agreement:

(a)     One check made payable to Heung Seop Yu, in the gross amount of Seventy-Five Hundred ($7,500.00) Dollars, less all applicable taxes and withholdings, to represent settlement of Plaintiff's claim of wages under the FLSA. Defendant will issue an IRS W-2 Form for this amount.

(b)     One check made payable to Heung Seop Yu, in the amount of Seventy-Five Hundred ($7,500.00) Dollars, to represent settlement of Plaintiff's claims of liquidated damages under the FLSA. Defendant will issue an IRS Form 1099 for this amount to Plaintiff specifically checking box 3 and designating the payment as "other income."

(c)     One check made payable to Leon & Kim, LLC, in the amount of Ten Thousand (10,000.00) Dollars, to represent Plaintiff's attorneys' fees and other costs. Defendant will issue an IRS Form 1099 for this amount specifically checking box 3 and designating the payment as "other income."

Plaintiff and his counsel agree to provide Defendant the requisite tax identification numbers and other information, including executed W-9 forms, as requested by Defendant to execute the Settlement Payment. The Parties acknowledge and agree that they are solely responsible for paying any attorneys' fees and costs they incurred, except as otherwise provided in this Paragraph, and that neither Party nor its attorney(s) will seek any award of attorneys' fees, costs, or other monies from the other Party.

**2.     Taxes.** Plaintiff shall be solely responsible for, and is legally bound to make payment of, any taxes determined to be due and owing (including penalties and interest related thereto) by it to any federal, state, local or regional taxing authority as a result of the Settlement Payment. Plaintiff agrees to indemnify and hold Defendant harmless regarding any taxes, interest, penalties, or any other costs or monies related to the Settlement Payment. Defendant makes no warranty or representation to Plaintiff or his counsel regarding the tax consequences of the Settlement Payment—including, but not limited to, the treatment of certain monies as non-wage damages. Plaintiff will not be responsible for Defendant's portion of FICA, Medicare, or state or federal unemployment taxes as a result the Settlement Payment.

3. **Court Approval of Agreement and Dismissal with Prejudice.** The Parties agree that within seven (7) days after the execution of this Agreement, they shall file a Joint Motion to Approve Settlement and Dismiss Lawsuit with Prejudice. A copy of the motion is attached hereto as Exhibit A and a copy of the letter withdrawing Plaintiff's Charge is attached hereto as Exhibit B. The failure to secure the complete dismissal of the Litigation *with prejudice*, for whatever reason, will nullify Plaintiff's right to the Settlement Payment. Defense counsel shall hold the Settlement Payment to be disbursed within ten (10) days of the Court's approval of the Agreement and dismissal of the Lawsuit.

Plaintiff represents that he has not filed or caused to be filed any other complaints, suits, actions, charges, allegations, claims and/or proceedings relating to or arising out of his employment with Aura. In the event that, for any reason, any complaint, suit, action, or claim is not or has not been wholly and finally dismissed with prejudice, including the Charge or the Lawsuit, Plaintiff shall not, to the extent permissible by law, voluntarily testify, provide documents or otherwise participate, or permit others to participate on his behalf, in any such litigation, investigation or other proceeding arising therefrom or associated therewith, except if by order of a court of competent jurisdiction or pursuant to a subpoena. Plaintiff further agrees that, to the extent permissible by law, he will not instigate, cause, advise, or encourage any other individuals or entities to file any claim, complaint, charge, or lawsuit against Aura, nor will he assist, participate, or have any involvement whatsoever with any such claim, complaint, charge or lawsuit, unless by order of a court of competent jurisdiction or pursuant to a subpoena. The consideration provided to Plaintiff in this Agreement shall be the sole relief, legal or equitable, provided for the claims released herein, and Plaintiff will not be entitled to recover and agrees to waive any monetary benefits or other recovery in connection with any such claims regardless of who has brought such claims. To the extent permissible by law, if any local, state, or federal agency or court assumes jurisdiction of any complaint or charge against Aura on Plaintiff's behalf, Plaintiff agrees to inform such agency or court that he has waived any right to recover damages or other relief against Aura. If Plaintiff voluntarily or knowingly institutes, or becomes a party to, or is a member of a class that institutes any action relating to his employment or separation thereof with Aura, his claim shall be dismissed or class membership terminated immediately upon presentation of this Agreement, and he shall reimburse Aura for all legal fees and expenses incurred in defending such claims instituted with Plaintiff's consent or ratification, and in obtaining the dismissal thereof.

4. **Timing of Payment:** The checks described in Paragraph No. 1 of this Agreement shall be delivered to Plaintiff's counsel within ten (10) days after the Court approves the Agreement and dismisses the Lawsuit with prejudice.

5. **Waiver and Release.** In exchange for the consideration described herein, Plaintiff, on behalf of himself and his heirs, successors, agents, and all other related

persons or entities, hereby unconditionally and irrevocably waives, releases, remises and forever discharges Defendant, its owners, shareholders, parents, subsidiaries, successors, affiliates, insurers, officers, directors, employees (including Kang S. Choi), attorneys, and representatives, ("Released Parties") from any and all complaints, actions, suits, charges, and any claims for counsel fees and costs, unpaid or withheld wages, severance, demands, costs, losses, benefits, bonuses, or commissions, and/or expenses, of any nature whatsoever, asserted or unasserted, named or unnamed, suspected or unsuspected, which he ever had, now has, or hereafter may have against the Released Parties arising out of or relating to Plaintiff's employment relationship with, and/or termination of his employment relationship with, Defendant from the beginning of time through the date of this Agreement, including, without limitation, any and all actions, causes of action, claims for or charges of breach of contract, defamation or other tort, wrongful termination, unpaid compensation, and/or for violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, the Rehabilitation Act of 1973, the Civil Rights Act of 1991, the Americans with Disabilities Act of 1990, the Equal Pay Act, the Family and Medical Leave Act of 1993, the Fair Labor Standards Act of 1938, the Employee Retirement Income Security Act of 1974, the Lilly Ledbetter Fair Pay Act of 2009, the Sarbanes-Oxley Act of 2002, all as amended (if applicable), and any other federal, state, local and/or municipal human rights statutes, fair employment statutes, laws and/or regulations pertaining to employment, the termination of employment, or discrimination in employment. It is expressly understood and agreed that the release contained in this Agreement is a general release.

6.     **No Outstanding or Known Future Claims/Causes of Action.** Plaintiff affirms that he has not filed with any governmental agency or court any action, report, or complaint against the Released Parties (other than the Litigation), and knows of no existing act or omission by the Released Parties that may constitute a claim or liability excluded from the release in Paragraph No. 5 above.

Plaintiff further certifies that he is not a recipient of Medicare benefits and represents that he has incurred no medical bills reportable to or payable by Medicare related to his claims. Plaintiff relieves the Released Parties of any responsibility for reimbursement of any liens against the proceeds of this settlement. This is to include any provider of medical benefits, Medicare benefits, workers' compensation benefits, insurance benefits, wage loss benefits, child support liens, or any and all other providers of benefits to Plaintiff. The reimbursement for any such benefits paid will be the sole responsibility of Plaintiff. The Released Parties will have no responsibility for reimbursement.

7.     **No Admission of Liability.** The Parties acknowledge that payment of the Settlement Payment is not, and may not be construed as, an admission of liability by Defendant or Kang S. Choi and is not to be construed as an admission that Defendant or Kang S. Choi engaged in any wrongful, tortious or unlawful activity. Defendant and Kang S. Choi specifically disclaim and deny any liability to Plaintiff or that they engaged in any wrongful, tortious or unlawful activity.

8. **Covenant Not to Sue.** A "covenant not to sue" is a legal term, which means that a party promises not to file a lawsuit against another in court. It differs from the general releases in Paragraph No. 5 above. Plaintiff agrees not to sue the Released Parties and the Released Parties agree not to sue Plaintiff in any forum for any claim covered by the waivers and releases of Paragraph No. 5. If either violates this Agreement by suing the other, the breaching party shall be liable for reasonable attorneys' fees and other litigation costs incurred in defending such a lawsuit. This Paragraph shall not apply if either Party sues to enforce this Agreement or for a breach of this Agreement.

9. **Rights and Claims Excluded from Waivers and Releases.** This Agreement waives no rights that cannot be waived by law. Plaintiff is waiving, however, any right to recover money in connection with any agency charge or investigation pertaining to his employment with Defendant. Similarly, Plaintiff is waiving any right to recover money in connection with a charge filed by any other individual, by the EEOC, or by any other city, local, state, or federal government agency pertaining to his employment with Defendant.

10. **Non-Disparagement.** Plaintiff agrees that, unless required to do so by legal process, Plaintiff will make no disparaging statements or representations, either directly or indirectly, whether orally or in writing, by word or gesture, to any person whatsoever, about the Released Parties. Aura agrees that it shall take reasonable steps to insure that, unless required to do so by legal process, its employees make no disparaging statements or representations, either directly or indirectly, whether orally or in writing, by word or gesture, to any person whatsoever, about Plaintiff.

For purposes of this Paragraph, a disparaging statement or representation is any communication which, if publicized to another, would cause or tend to cause the recipient of the communication to question the business condition, integrity, competence, good character or product quality of the person or entity to whom the communication relates.

11. **Social Media and Other Disclosures.** The Parties agrees that they shall not disclose the facts and circumstances underlying and giving rise to the Litigation, including the Settlement Payment and terms of this Agreement, on any social media sites—including, but not limited to, Facebook, Instagram, LinkedIn, MySpace, and Twitter. Plaintiff further agrees that he shall not publicly disclose or discuss these topics with individuals other than his spouse, attorney(s), and accountant(s), beyond what is necessary to obtain court approval of this Settlement Agreement.

The Parties acknowledge and agree that a breach of this Paragraph is a material breach of the Agreement and a non-breaching Party may seek an injunction and/or judgment against a breaching Party in a court of competent jurisdiction. Because the exact amount of potential damages resulting from a breach of this Paragraph is difficult to determine with any precision, the breaching Party shall be liable for the non-breaching Party's attorneys' fees and all other litigation costs incurred in bringing such a suit, as well as Five Thousand Dollars and Zero Cents ($5,000.00) in liquidated damages.

12. **Specific Release of ADEA Claims.** In further consideration of the payments and benefits provided to Plaintiff in this Agreement, Plaintiff hereby irrevocably and unconditionally fully and forever waives, releases, and discharges the Released Parties from any and all claims, whether known or unknown, from the beginning of time to the date of Plaintiff's execution of this Agreement, arising under the Age Discrimination in Employment Act ("ADEA"), as amended, and its implementing regulations.

By signing this Agreement, Plaintiff hereby acknowledges and confirms that: (i) Plaintiff has read this Agreement in its entirety and understands all of its terms; (ii) Plaintiff has been advised by this Agreement to consult with an attorney before signing this Agreement, and has consulted with such counsel; (iii) Plaintiff is knowingly, freely, and voluntarily assents to all terms and conditions set out in this Agreement including, without limitation, the waiver, release, and covenants contained herein; (iv) Plaintiff is executing this Agreement, including the waiver and release, in exchange for good and valuable consideration in addition to anything of value to which Plaintiff is otherwise entitled; (v) Plaintiff is given at least twenty-one (21) days to consider this Agreement and consult with an attorney of Plaintiff's choice, although Plaintiff may sign it sooner if desired; (vi) Plaintiff understands that Plaintiff has seven (7) days from the date of signing this Agreement to revoke the release in this Paragraph by delivering written notice of revocation to Henry F. Warnock at FordHarrison LLP, 271 17th Street NW, Suite 1900, Atlanta, Georgia 30363, before the end of such seven-day period; and (vii) Plaintiff understands that the release contained in this Paragraph does not apply to rights and claims that may arise after the date on which Plaintiff signs this Agreement.

The Parties agree that, if any provision of this Agreement is determined to violate the Older Workers' Benefits Protection Act ("OWBPA"), it should be severed from the Agreement or modified to comply with the OWBPA, without affecting the validity or enforceability of any of the other terms or provisions of the Agreement.

13. **No Future Employment Relationship between the Parties.** Plaintiff agrees to never seek or accept rehire or employment, either directly, through a temporary agency, or by any other method, with the Released Parties or their current or future affiliated companies. Plaintiff agrees that the Released Parties or their current or future affiliated companies shall have no obligation to engage his services in any capacity (*e.g.*, as an employee, contractor, temporary employee, or consultant) in the future and that any application or request for employment or work may be denied solely based on Plaintiff's breach of this provision of the Agreement.

14. **Neutral Reference.** Plaintiff will direct no prospective employers to contact any employee or manager of Defendant. Rather, Plaintiff will direct prospective employer(s) to contact Ms. Jackie Lim at 770-817-9966 or 770-263-0600. In response to a request for a reference, Ms. Lim will provide only Plaintiff's dates of employment, job title(s), and

pay rate(s), if requested. Information regarding Plaintiff's termination and/or eligibility for rehire will not be provided.

**15.** **Agreement is Legally Binding.** The Parties intend this Agreement to be legally binding upon and shall inure to the benefit of each of them and their respective successors, assigns, executors, administrators, heirs and estates. Moreover, the persons and entities referred to in Paragraph No. 5 above, but not a Party, are third-party beneficiaries of this Agreement.

**16.** **Entire Agreement.** The recitals set forth at the beginning of this Agreement are incorporated by reference and made a part of this Agreement. This Agreement constitutes the entire agreement and understanding of the Parties and supersedes all prior negotiations and/or agreements, proposed or otherwise, written or oral, concerning the subject matter hereof. Furthermore, no modification of this Agreement shall be binding unless in writing and signed by each of the parties hereto.

**17.** **New or Different Facts: No Effect.** Except as provided herein, this Agreement shall be, and remain, in effect despite any alleged breach of this Agreement or the discovery or existence of any new or additional fact, or any fact different from that which either Party now knows or believes to be true. Notwithstanding the foregoing, nothing in this Agreement shall be construed as, or constitute, a release of any Party's rights to enforce the terms of this Agreement.

**18.** **Interpretation.** Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be a part of this Agreement. The headings within this Agreement are purely for convenience and are not to be used as an aid in interpretation.

**19.** **Governing Law and Choice of Forum.** This Agreement is made and entered into within and shall be governed by, construed, interpreted and enforced under the laws of the State of Georgia, without regard to the principles of conflicts of laws. Any action to enforce this Agreement shall be brought only in a proper state or federal court within the State of Georgia.

**20.** **Reliance on Own Counsel.** In entering into this Agreement, the Parties acknowledge that they have relied upon the legal advice of their respective attorneys, who are the attorneys of their own choosing, that such terms are fully understood and voluntarily accepted by them, and that, other than the consideration set forth herein, no promises or representations of any kind have been made to them by the other Party. The Parties represent and acknowledge that in executing this Agreement they did not rely, and have not relied, upon any representation or statement, whether oral or written, made by the other Party or by that other Party's agents, representatives or attorneys regarding the subject matter, basis or effect of this Agreement or otherwise.

21. **Counterparts.** This Agreement may be executed by the Parties in counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument.

22. **Drafting.** The Parties agree that they jointly have agreed to the terms and language used herein and that no ambiguity will be construed against any party for having "drafted" this Agreement.

23. **Authority to Execute Agreement.** By signing below, each Party warrants and represents that the person signing this Agreement on its behalf has authority to bind that Party and that the Party's execution of this Agreement is not in violation of any by-law, covenants and/or other restrictions placed upon them by their respective entities.

24. **Facsimile/Electronic Signatures.** Execution delivered by facsimile or electronic mail to the Parties' counsel of record shall be deemed effective as if executed in original.

AGREED TO BY THE PARTIES, WITH INTENT TO BE LEGALLY BOUND.

HEUNG SEOP YU
Signature: _____
Date: 12/09/2016

AURA ENTERPRISES, INC.
Signature: _____
By (Print): KANG S, CHOI
Title: VICE PRESIDENT
Date: 12/13/2016

W:\ACTIVE:LLP.8862304.3

**EXHIBIT A**



IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HEUNG SEOP YU,<br><br>    Plaintiff,<br><br>v.<br><br>AURA ENTERPRISES, INC. and<br>KANG S. CHOI,<br><br>    Defendants. | Civil Action File No.<br>1:16-CV-01636-ODE<br><br>JURY TRIAL DEMANDED |

**JOINT MOTION TO APPROVE SETTLEMENT
AND DISMISS LAWSUIT WITH PREJUDICE**

Plaintiff HEUNG SEOP YU ("Plaintiff") and Aura Enterprises, Inc. ("Aura") and Kang S. Choi ("Choi") ("Defendants") (collectively, the "Parties") jointly request that the Court approve the Parties' settlement agreement, which includes Fair Labor Standards Act claims, and dismiss this lawsuit with prejudice. In support of this Motion, the Parties jointly state as follows:

1.  On May 20, 2016, Plaintiff filed a Complaint against Defendants alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"). (Dkt. No. 1.)

2.  The Parties have subsequently reached a global settlement of all claims raised in and outside of this lawsuit. A copy of the Parties' *Settlement and Complete*

*Waiver/Release Agreement* ("Settlement Agreement") is attached hereto as <u>Exhibit A</u>.

4.     Pursuant to federal law, settlements under the FLSA must be approved by either the Court or the U.S. Department of Labor to be binding. *See, e.g., Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir 1982). In instances involving the necessity of court approval, "the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Id.* at 1353. Plaintiff and Defendants jointly state that the agreement reached by the Parties includes a payment to Plaintiff of the full amount of contested overtime compensation pursuant to his FLSA claims, including liquidated damages, costs, and attorney's fees under 29 U.S.C. § 216(b), and no compromise of Plaintiff's claims was involved.

5.     WHEREFORE, the Parties jointly request that the Court approve the attached Settlement Agreement and dismiss this lawsuit with prejudice. The Parties agree that by entering into the Settlement Agreement, and by consenting to entry of the Consent Order Approving Settlement, Defendant is not admitting any liability. The Parties request that the Court retain jurisdiction to enforce the Settlement Agreement.

6. For the Court's convenience, a proposed order is attached hereto as Exhibit B.

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), the undersigned counsel for Defendant certifies that the pleading has been prepared in Times New Roman, 14-point type, which is one of the font and point selections approved by the Court in Local Rule 5.1(B).

Respectfully submitted this __th day of December, 2016.

| /s/ Brian G. Kim | /s/ Henry F. Warnock |
|---|---|
| Brian G. Kim | Henry F. Warnock |
| Georgia Bar No. 479330 | Georgia Bar No. 232668 |
| Alabama Bar No. 1288R67G | hwarnock@fordharrison.com |
| brian@leonandkim.com | FORDHARRISON LLP |
| LEON AND KIM, LLC | 271 17th Street, NW |
| 1815 Satellite Blvd. #303 | Suite 1900 |
| Duluth, Georgia 30097 | Atlanta, Georgia 30363 |
| Telephone: 678-878-4200 | Telephone: 404-888-3800 |
| Facsimile: 404-878-4208 | Facsimile: 404-888-3863 |
| *Attorney for Plaintiff* | *Attorney for Defendants* |

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HEUNG SEOP YU,<br><br>　　　　Plaintiff,<br><br>v.<br><br>AURA ENTERPRISES, INC. and KANG S. CHOI,<br><br>　　　　Defendants. | Civil Action File No.<br>1:16-CV-01636-ODE<br><br>JURY TRIAL DEMANDED |

### CERTIFICATE OF SERVICE

I hereby certify that on December _____, 2016, the undersigned counsel filed a **JOINT MOTION TO APPROVE SETTLEMENT AND DISMISS LAWSUIT WITH PREJUDICE** with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification to the attorney of record:

　　　　　　　　　　　　　　　　*/s/ Henry F. Warnock*
　　　　　　　　　　　　　　　　Henry F. Warnock
　　　　　　　　　　　　　　　　Georgia Bar No. 232668
　　　　　　　　　　　　　　　　hwarnock@fordharrison.com
　　　　　　　　　　　　　　　　FORDHARRISON LLP
　　　　　　　　　　　　　　　　271 17th Street, NW
　　　　　　　　　　　　　　　　Suite 1900
　　　　　　　　　　　　　　　　Atlanta, Georgia 30363
　　　　　　　　　　　　　　　　Telephone: 404-888-3800
　　　　　　　　　　　　　　　　Facsimile: 404-888-3863
　　　　　　　　　　　　　　　　*Attorneys for Defendant*

WSACTIVELLP:8856400.2

## EXHIBIT B



Heung Seop Yu
2668 Piedmont Oak Drive
Marietta, Georgia 30066


Bernice Williams-Kimbrough, District Office Director
U.S. Equal Employment Opportunity Commission
Atlanta District Office
Sam Nunn Atlanta Federal Center
100 Alabama Street, SW, Suite 4R30
Atlanta, Georgia 30303

   Re: **Heung Seop Yu v. Aura Enterprises, Inc.**
      **Charge No. 410-2016-06371**

Dear Director Williams-Kimbrough:

  Please accept this letter as my request to withdraw my Charge of discrimination, EEOC Charge No. 410-2016-06371, which was filed against Aura Enterprises, Inc. I know that the U.S. Equal Employment Opportunity Commission protects my rights to file a complaint/charge.

  I request the withdrawal of my Complaint/Charge. I have not been forced or coerced into requesting this withdrawal. I request the withdrawal because the matter has been resolved through a private settlement agreement with Aura Enterprises, Inc.

  By my signature below, I assert my wish to withdraw and dismiss EEOC Charge No. 410-2016-06371. Thank you in advance for the Commission's attention to this request.


_____   _____
(date)                      Heung Seop Yu


cc: Brian Lee, Esq.
   Mark A. Saloman, Esq.

WSACTIVELLP:8865456.1